UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-249-GFVT

ERIC HOUSTON                                                                                              PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

SUZANNE. HASTINGS, *Warden*                                                              DEFENDANT

Eric Houston, the *pro se* plaintiff, has filed a civil rights complaint which the Court has construed as falling under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[1]

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). The Court will address the plaintiff's motion to proceed *in forma pauperis* by separate order.

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

---

[1] Houston is now confined in the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). When he filed this action on November 6, 2006, he was confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") located in Inez, Kentucky.

NAMED DEFENDANTS

The plaintiff names as defendants: (1) Kenny Russo; (2) "Warden" Miles; and (3) unidentified "SHU" (Segregated Housing Unit) officials.[2]

CLAIMS

Although the plaintiff's handwritten submissions were most difficult to read and interpret, it appears that the plaintiff has several complaints regarding his previous conditions of confinement at USP-Big Sandy. Summarized, the plaintiff alleges in his various filings that the prison staff at USP-Big Sandy: (1) discriminated against him on the basis of his African-American race and denied him due process of law based upon his race; (2) refused to place him in housing units which were appropriate for his mental disorders; and (3) improperly reviewed his legal mail and/or interfered with his incoming and outgoing mail.

These claims would fall under the Eighth Amendment (conditions of confinement); the Fifth Amendment (racial discrimination and denial of due process of law); and the First Amendment (access to mail and to courts) of the United States Constitution.

The plaintiff's November 27, 2006 filing [Record No. 4] indicates that he was transferred to FCI-Cumberland sometime during the month of November, 2006. His complaint filed as Record No. 7 appears to set forth complaints regarding his confinement conditions at FCI-Cumberland, specifically, his concern about his safety. Plaintiff states that he is considered a

---

[2] The Court assumes that "Warden Miles" is the warden of FCI-Cumberland, where the plaintiff is now confined. Suzanne Hastings is the warden of USP-Big Sandy, where the plaintiff was previously confined when he filed this action. It is unclear whether the plaintiff is asserting claims against "SHU" officials at USP-Big Sandy or FCI-Cumberland.

"snitch" and that he has mental disorders which render housing with certain types of inmates unacceptable. These allegations would fall under the Eighth Amendment.

## DISCUSSION
### 1. Claims Arising from USP-Big Sandy

The plaintiff has submitted a series of filings in this matter, consisting of: (1) a three-page handwritten complaint [Record No. 2]; (2) a three-page handwritten letter apparently filed in response to the Court's Deficiency Order of November 14, 2006 [Record No. 3]; (3) four pages of handwritten information made a part of his "Application to Proceed In Forma Pauperis" [Record No. 6]; and (4) a Complaint Form typically used by prisoners, on which he has supplied lengthy handwritten responses to the questions contained therein, as well as attaching a separate one-page handwritten supplement.

First, a prisoner's request for injunctive and declaratory relief from corrections officials is moot upon his transfer to a different facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). To the extent Houston seeks injunctive relief, that request is now moot. To the extent he may be seeking damages, his claim is asserted prematurely. He has failed to exhaust that demand.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S. Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999); *Ricks v. Peterson*, 26 Fed. Appx. 588, 2001 WL 1345089 (8th Cir. (Minn.) November 2, 2001) (Not selected for publication in Federal Reporter) (inmate was required to exhaust administrative remedies before bringing suit based on inadequate conditions of confinement).

As the Court explained to the plaintiff in the Deficiency Order [Record No. 3, p. 2], the plaintiff was required to have demonstrated that he fully and completely exhausted each and every constitutional claim he had, pertaining to issues arising at USP-Big Sandy, through the Bureau of Prisons administrative remedy process, 28 C.F.R. §542.13-.15 (2006).[3] In short, Plaintiff Houston had to completely exhaust his First, Fifth and Eighth Amendment civil rights claims through the BOP's administrative remedy process. This he did not do, claiming instead that he conducted a series of conversations with various persons at USP-Big Sandy. Verbal conversations and complaints are not adequate substitutes for complying with the three-step written administrative appeal process.

Under federal law, it is insufficient for a prisoner to merely claim that grievances were not answered satisfactorily or to begin the grievance process and not finish it. For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999).[4] Exhaustion is not jurisdictional; it is mandatory, *Wyatt v. Leonard*,

---

[3] Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

[4] *See also* unpublished opinions about the impermissibility of prisoners short-circuiting the

4

193 F.3d at 879, even if proceeding through the administrative system would be "futile." *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir.1999).

The federal courts have noted that there are several reasons for the exhaustion requirement in addition to providing a record for the courts' review. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205.

The Sixth Circuit has held that it is contrary to Congress's intent, in enacting the PLRA, to allow inmates to bypass the exhaustion requirement by waiting until their administrative remedies are time-barred. *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.), *cert. denied*, 118 S. Ct. 263 (1997). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court is required to dismiss without prejudice claims which have not been dismissed. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S. Ct. 88 (1998). The burden is on the plaintiff to demonstrate exhaustion of his administrative remedies *prior* to filing the lawsuit. *Id.*

The United States Supreme Court has ruled that exhaustion of administrative remedies is required for *all* prisoner suits. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002). This year, the Supreme Court explained that exhaustion means proper exhaustion, *i.e.*, under the terms

---

system, alleging the futility of going further, and asking the court to rule they had done enough: *McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. March 27, 2000); *Fisher v. Wickstrom*, 230 F.3d 1358, 2000 WL 1477232 (6th Cir. Sept. 25, 2000).

5

of and according to the *time* set by BOP regulations. *See Woodford v. Ngo*, --- U.S. ----, 126 S. Ct. 2378, 2387-88, 165 L. Ed.2d 368 (2006).

Plaintiff is advised that his failure to properly exhaust **both** his First and Eighth Amendment *Bivens* claims stemming from complaints at USP-Big Sandy renders them subject to dismissal without prejudice.

### 2. Claims Arising from FCI-Cumberland

This Court would have no jurisdiction over claims against defendants employed by FCI-Cumberland, which is located in Maryland. When federal jurisdiction is not based solely upon diversity of citizenship, venue is proper in (1) the judicial district where any defendant resides, if all defendants reside in the same state, (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. *See* 28 U.S.C. §1391(b); *see also Northern Ky. Welfare Rights Ass'n v. Wilkinson*, 933 F.2d 1009 (Table), 1991 WL 86267, at *5 (6th Cir. May 24, 1991).

In this action, there is no allegation that the FCI-Cumberland officials (such as "Warden Miles") fulfill subsection (1), *i.e.*, that they reside in the Eastern District of Kentucky. Nor is there any possibility that the "events or omissions" pertaining to the plaintiff's confinement in Maryland arose in the Eastern District of Kentucky, or that the defendants otherwise satisfy either statute's subsection (3).

When a civil action is brought in the wrong district, the court may dismiss it or transfer it to the proper district. 28 U.S.C. §1406(a). Additionally, 28 U.S.C. §1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer

any civil action to any other district or division where it might have been brought." (Emphasis added).[5] The decision to dismiss or transfer a case under §1406(a) is "within the district court's sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

The Court declines to transfer any aspect of this complaint to the federal court in Maryland. This is because there is a strong likelihood that the plaintiff has not administratively exhausted any of his claims concerning conditions of confinement at FCI-Cumberland through the BOP's three-step process discussed in this Memorandum Opinion and Order. Accordingly, the Court will dismiss this action without prejudice to the plaintiff re-filing his FCI-Cumberland-based claims in federal court in Maryland.

CONCLUSION

Accordingly, it is **ORDERED** that this action [06-CV-249-GFVT] is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants This the 14th day of December, 2006.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

---

[5] Title 28 U.S.C. §1406(a) provides as follows:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice*, transfer such case to any district or division in which it could have been brought. (Emphasis Added.)